**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                                   :
GREGORY HARRIS,                    :
                                   :   Civil Action No. 04-5507 (RBK)
             Petitioner,           :
                                   :
        v.                         :        O P I N I O N
                                   :
ATLANTIC COUNTY PROS. OFFICE,      :
et al.,                            :
                                   :
             Respondents.          :
_____:
```

**APPEARANCES:**

    Gregory Harris, Petitioner pro se
    Atlantic County Justice Facility
    #122862
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

    Kimberly Ann Sked, Esq.
    OFFICE OF NEW JERSEY ATTORNEY GENERAL
    Richard J. Hughes Justice Complex
    25 Market Street, P.O. Box 112
    Trenton, New Jersey 08625-0112
    Attorney for Respondents

**KUGLER**, District Judge

    Petitioner is currently awaiting trial, detained at the Atlantic County Justice Facility, Mays Landing, New Jersey. He has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The named respondents are the Atlantic County Prosecutor's Office; the New Jersey State Parole Board ("the Parole Board"); Peter Harvey, the Attorney General of New Jersey; David M. Wolfsgruber, the Chief of the Revocation Unit; and Betsy

Phillips, the Chief Assistant Prosecutor for Atlantic County. On February 10, 2005, Petitioner named the warden of the facility in which he is confined, Gary Merline, as a party respondent.[1]

On June 17, 2005, Petitioner filed a motion for judicial notice, which Respondents answered on June 24, 2005.[2]

The Court has reviewed all submissions. For the following reasons, the petition will be dismissed, without prejudice, for failure to exhaust state court remedies. The motion will be also be dismissed.

## **BACKGROUND**

Petitioner is currently detained at the Atlantic County Justice Facility, awaiting trial on an indictment for aggravated assault and various weapons offenses, returned in June of 1989.

---

[1] As warden, Gary Merline, is the only proper party in this habeas action under 28 U.S.C. § 2254, all other respondents will be dismissed from this action. See 28 U.S.C. § 2242; see also Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). The Court will direct the Clerk's Office to add Gary Merline as a respondent listed on the docket, as Petitioner has previously been granted the opportunity to amend his petition to name the proper respondent.

[2] Petitioner's motion for judicial notice of adjudicating facts sets forth various New Jersey statutes regarding parole and the Interstate Agreement on Detainers. Petitioner also responds to Respondents' Answer in the motion. The Court has considered the submission, and will dismiss the motion. As set forth in this Opinion, Petitioner's claims are unexhausted. Also, the motion does not have merit, as it seeks to outline the various state statutes, not any adjudicative facts relevant to the Petition.

On August 13, 1982, Petitioner was sentenced to fifteen years imprisonment in New Jersey after a conviction for aggravated manslaughter. On September 13, 1988, he was paroled under intense supervision. On February 8, 1989, the New Jersey State Parole Board issued a warrant against him for failure to report to his parole officer.

Less than seven months after being paroled, on April 11, 1989, Harris was arrested in Pennsylvania under an assumed name for various crimes, and was convicted of robbery and criminal conspiracy. He was taken into custody in Pennsylvania. Petitioner remained in Pennsylvania custody until April of 2004, when he was released to a Pennsylvania county jail awaiting extradition to New Jersey.

The warrant issued against Petitioner in February of 1989 by the New Jersey State Parole Board, along with the indictment under which Petitioner is currently detained, were listed as detainers against Petitioner while he was incarcerated in Pennsylvania.

Petitioner attempted to have the indictment under which he is currently detained dismissed by filing a motion to dismiss the indictment in the Superior Court of New Jersey, Law Division, on October 24, 2001. Petitioner's motion was denied, and he did not appeal. Petitioner also attempted to dismiss the New Jersey detainers by way of a writ of habeas corpus in Pennsylvania,

which was denied. Petitioner appealed that decision in Pennsylvania, but apparently, the appeal was dismissed.

On July 22, 2004, Petitioner was taken into custody in New Jersey, and is currently detained pending trial for the 1989 New Jersey indictment for aggravated assault and weapons charges. He was extradited to New Jersey on the indictment detainer, not the parole violation warrant, which apparently was lost. The New Jersey Parole Board issued a replacement warrant on August 17, 2004, after learning that Petitioner was back in New Jersey custody.

Originally, Atlantic County sought an accelerated parole revocation based on the New Jersey pending charges; however, obtaining discovery caused a delay, and the County rescinded its application for an accelerated parole revocation. After consideration by a two-member Parole Board panel, Petitioner's parole revocation was based on his Pennsylvania conviction and a "host" of technical violations.

On October 1, 2004, Petitioner was informed of the pending final parole revocation hearing. On October 5, 2004, the hearing was scheduled for October 8, 2004. The hearing was postponed a number of times due to Petitioner's request for counsel, counsel's withdrawal after a conflict, appointment of new counsel, and upon Petitioner's request to postpone the hearing until his New Jersey state charges were adjudicated. On April 4,

2005, the hearing officer for the final parole revocation hearing informed Petitioner that he should contact the Parole Board when he was ready to proceed.  According to Respondents, Petitioner has not yet requested to proceed, and his final parole revocation hearing has not yet been rescheduled.

The instant petition was filed on November 10, 2004, and amended on February 10, 2005.  Respondents filed an Answer and available record on June 6, 2005.

## DISCUSSION

Section 2254 of Title 28, United States Code, provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### A. **Exhaustion**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Castille v. Peoples,

489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  See Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same.  See id. at 277.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.  In addition, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987).  However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are

appropriate." Mayberry, 821 F.2d at 186.  "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

In this case, it is clear from the record that Petitioner has failed to exhaust his state court remedies with respect to his parole revocation. In fact, a final parole revocation hearing has not yet been held.

State law provides administrative and judicial review processes applicable to Petitioner's claims. New Jersey law provides an absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division, both under the State Constitution, N.J. Const. Art. VI, Sec. 5, para. 4; Trantino v. New Jersey State Parole Board, 166 N.J. 113, 172 (N.J.), modified on other grounds, 167 N.J. 619 (2001), and under the New Jersey Court Rules, Pressler, Current New Jersey Court Rules, Rule 2:2-3(a)(2) (2001). This exclusive procedure encompasses appeals from "inaction as well as action of a State administrative agency." Trantino v. New Jersey State Parole Board, 296 N.J. Super. 437, 459-460 (App. Div. 1997), modified on other grounds and affirmed, 154 N.J. 19 (1998); Johnson v. State Parole Board, 131 N.J. Super. 513, 517-18 (App. Div. 1974), certif. denied, 67 N.J. 94 (1975); see also

Petrucelli v. Dep't of Civil Service, 28 N.J. Super. 572, 575 (App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause appropriately before the [agency].").

Here, Petitioner has failed to pursue any remedies available to him under New Jersey law.  As a matter of comity, it is best left to the New Jersey courts to determine if they can still entertain Petitioner's unexhausted claims.  District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  See Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  Because no state court has actually concluded that Petitioner is procedurally barred from raising his unexhausted claims, and because neither party has pointed to any New Jersey law that does not clearly require a finding of default, this Court is not prepared to presume that

Petitioner's claims would be barred. Accordingly, the Petition must be dismissed without prejudice for failure to exhaust state court remedies.[3]

**B.  Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

---

[3] Further, it appears that Petitioner's claims that he has been denied an untimely hearing are without merit, as a parole revocation hearing must be conducted "within 60 days of the date the parolee was taken into custody as a parole violator," unless a postponement is sought. See N.J.A.C. 10A:71-7.13(a), (c), and (d). In this case, Petitioner was not taken into New Jersey custody until July of 2004. Because the parole violator warrant was lost, he was not considered a parole violator until August 17, 2004, when the replacement parole violator warrant was issued. The first hearing was scheduled for October 8, 2004, within 60 days of the August 17, 2004 parole violator warrant. Further, with regard to the Interstate Agreement on Detainers, it does not appear that Petitioner made a request for final disposition on his criminal charges in New Jersey, pursuant to N.J.S.A. 2A:159A-3, 2A:159A-4, and thus, the Interstate Agreement on Detainers was not invoked by either Petitioner or the State of New Jersey.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the Petition is unexhausted.

## CONCLUSION

For the reasons set forth above, Petitioner's claims will be dismissed without prejudice for non-exhaustion of state court remedies.  Petitioner's motion for judicial notice (Docket Entry No. 12) is dismissed.  No certificate of appealability shall issue.

An appropriate order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: March 7, 2006